## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | )  Case No.: 05-cr-0408 (TFH) |
| | ) |
| vs. | ) |
| | ) |
| PEDRO JULIO PRANDY-BINETT, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

Pending before the Court are Mr. Prandy-Binett's *Pro Se* Motion for a Certificate of Appealability ("COA") [Dkt. No. 49]; and Application for Leave to Proceed *In Forma Pauperis* [Dkt. No. 53]. After careful consideration of the motions and the record in this case, the Court will deny the Motion for a COA and will grant the Application to Proceed *In Forma Pauperis*.

### I.    Background

In November 2005, Petitioner Pedro Julio Prandy-Binett pleaded guilty, pursuant to a plea agreement, to one count of Unlawful Possession with Intent to Distribute cocaine in violation of 21 USC §§ 841(a)(1) and 841(b)(1)(C). He was sentenced to ninety-one months incarceration by Judge John G. Penn on April 13, 2006. Judgment (April 13, 2006) at 1-2 [Dkt. No. 22]. In the plea agreement, Petitioner acknowledged accountability for at least 1 kg of heroin and 5 kg of cocaine. Plea ¶ 2. At the sentencing hearing, Judge Penn informed Petitioner that he has a right to an appeal and that he has ten days to exercise that right. Hr'g. Tr. 18:17-19, April 11, 2006 [Dkt. No. 37-8]. Judge Penn further stated that if Petitioner's attorney is "unwilling or unable to assist

you in taking an appeal, if you advise me within 10 days, then I would see to it that your notice of appeal is filed." *Id.* at 18:19-19:1. A week later, Petitioner sent Judge Penn a letter requesting an attorney to file an appeal. Judge Penn forwarded that letter to George Allen Dale, the attorney who represented Petitioner at sentencing and in negotiating the plea agreement. Ten days later, Mr. Dale filed a notice along with a letter from Petitioner stating: "I reaffirm my earlier decision not to appeal my sentence or conviction . . . . The letter I sent to Judge Penn was typed by another inmate, who had talked me into asking for an appeal/sentence modification." Pet'r's Letter (April 26, 2006) [Dkt. No. 24-2]. Nevertheless, on February 26, 2007, ten months after sentencing, Petitioner filed a § 2255 motion *pro se*, alleging that he had intended to plead guilty only to selling 250 grams of cocaine on Dec. 3, 2004 and that he should not have been held accountable for related conduct raising the applicable drug quantities to one or more kilograms for sentencing purposes.

Petitioner filed the § 2255 motion along with a declaration and memorandum of law requesting that his judgment be vacated and that he be resentenced so that he may pursue an appeal. The matter was referred to Magistrate Judge John M. Facciola pursuant to Local Criminal Rule 59.2 and Local Civil Rule 72.3. Referral Order (May 19, 2008) [Dkt. No. 32]. Judge Facciola appointed counsel to represent Petitioner, and on September 24, 2009, Judge Facciola held an evidentiary hearing. Mr. Dale testified at that hearing, and Petitioner's counsel raised claims that had not been previously asserted by Petitioner. On October 23, 2009, Judge Facciola issued a Report, recommending that Petitioner's motion be denied. Report at 12. Petitioner filed two separate objections to the Report—one via counsel and the other *pro se*. The Court adopted the Magistrate's Report & Recommendation on October 8, 2010, and denied the § 2255 motion. [Dkt. No. 48].

Petitioner filed a Notice of Appeal and Request for Certificate of Appealability on December 17, 2010. [Dkt. No. 49]. On December 22, 2010 the U.S. Court of Appeals referred the COA issue to the District Court and ordered that the case be held in abeyance until that matter is resolved. [Dkt. No. 52]. On January 4, 2011, Petitioner filed his Motion to Appeal *In Forma Pauperis*. [Dkt. No. 53].

## II.    Motion for COA

Under 28 U.S.C. § 2253(c)(1), a COA is required before an appeal may be taken from a denial of a § 2255 *habeas* motion. Petitioner may obtain such a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "'The petitioner need not show that he should prevail on the merits.... Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *United States v. Mitchell*, 216 F.3d 1126, 1130 (D.C. Cir. 2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983) (emphasis in original)).

In this case, the Magistrate Judge's Report denying Mr. Prandy's § 2255 motion and the Court's affirmance of that Report are in complete accord and forcefully reject Mr. Prandy's contentions of ineffective assistance of counsel, finding them completely meritless. Any claims or innuendo that Mr. Prandy raises that the presiding judge, the defense counsel, and the prosecutor duped or pressured Mr. Prandy into any course of action or denied him any right are unfounded. Likewise, Mr. Prandy's contention in his motion that his defense counsel had a conflict of interest because he "like[d the prosecutor] alot" [*sic*] is far too weak to warrant a COA. In sum, the Court detects nothing that reasonable jurists could debate regarding Mr. Prandy's § 2255 motion, nor

does the Court consider Mr. Prandy's claims worthy of further encouragement. The Court will therefore deny the Motion for a COA.

### III.    Motion to Proceed *In Forma Pauperis*

Having carefully considered the financial information Mr. Prandy has provided as part of his motion, the Court finds that he is entitled to proceed *in forma pauperis*.

### IV.    Conclusion

The Court will therefore deny the Motion for a COA but will grant the motion to proceed *in forma pauperis*. An appropriate Order shall accompany this Memorandum Opinion.

January 13, 2011

THOMAS F. HOGAN
UNITED STATES DISTRICT JUDGE

Copies to:

PEDRO JULIO PRANDY-BINNETT
Reg. No. 16266-016
Allenwood Low
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
White Deer, PA 17887